# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| J.C. SANDERS, | ) | CASE NO. 5:23-cv-1921 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| SMITH UNLIMITED LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff J.C. Sanders has filed a civil complaint in this case against Smith Unlimited LLC, seeking $500,000 in damages. (Doc. No. 1.) Sanders also filed a motion to proceed *in forma pauperis* (Doc. No. 2), which he has since moved to amend (Doc. No. 3) and supplement. (Doc. No. 4.) Sanders' original application (Doc. No. 2) and request to supplement (Doc. No. 4) are denied as moot, and the Court grants Sanders' amended *in forma pauperis* application. (Doc. No. 3.)

Returning to the complaint, as far as the Court can tell,[1] Sanders alleges that on March 15 (of an unspecified year), he caught "two guy[s] from Smith Unlimited breaking into [his] house" and stating that they would like to "purches [*sic*] the house[,]" even though Sanders' deed had been

---

[1] Parts of Sanders' complaint are nearly illegible due to poor handwriting and numerous spelling and grammatical errors. Sanders has previously filed *pro se* complaints with this Court that were either typed or handwritten in a more legible script. Despite the difficulty in making out Sanders' arguments, the Court will still consider Sanders' allegations to the extent possible.

recorded. (Doc. No. 1, at 5.[2]) Sanders further alleges that these unnamed men actually sold his home on April 5, 2023, and he now seeks to "resolve the deed despute [*sic*] in court." (*Id*.)

On its face, Sanders' complaint does not assert any specific federal claim. Within his complaint, Sanders checked the box for federal question jurisdiction (*id*. at 4), but failed to provide any specific statutes, treaties, or provisions of the U.S. Constitution to the Court. (*See id*.) The civil cover sheet Sanders submitted with his complaint indicates he seeks damages for "fraud" and "theft" of the house under a single federal statute: 18 U.S.C. § 1841. (*See* Doc. No. 1-6, at 1.) Confusingly, this criminal statutory provision relates to the "[p]rotection of unborn children" and is wholly unrelated to both fraud and theft. *See* 18 U.S.C. § 1841.

When a plaintiff is proceeding without the assistance of counsel, a court should construe his complaint liberally and hold it to a less stringent standard than a formal pleading drafted by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Nevertheless, even a *pro se* plaintiff must satisfy basic pleading requirements, and the liberal construction afforded *pro se* pleadings "does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (further citation omitted)). Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court and to dismiss before service any complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v.*

---

[2] All page number references within this memorandum opinion are to the consecutive page numbers applied to each individual document by the electronic filing system.

*Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, similar to complaints filed by attorneys, in order for a *pro se* complaint to state a claim upon which relief may be granted, it must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (holding that the dismissal standards articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) govern dismissals for failure to state a claim under § 1915(e)(2)(B)).

Even after accounting for the leniency to which *pro se* pleadings are entitled, the unclear and conclusory statements within Sanders' complaint are simply insufficient to sustain the present action. *See Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (explaining that a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief). Further, Sanders' complaint asserts that the Court has federal question subject-matter jurisdiction, but the single statute Sanders cites is a federal criminal statute. (*See* Doc. No. 1-6, at 1.) Unfortunately for Sanders, violations of federal criminal laws do not give rise to a private cause of action. *Cf. Ohlendorf v. United Food & Com. Workers Int'l Union, Local 876*, 883 F.3d 636, 642 (6th Cir. 2018) (noting that criminal statutes generally do not confer a private right of action and courts do not "routinely[] imply private rights of action in favor of the victims of violations of criminal laws"); *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997) (holding that violations of the mail and wire fraud provisions of the federal criminal code, 18 U.S.C. §§ 1341, 1343, do not give rise to private causes of action).

Sanders provided the Court with no information to suggest that there is an applicable federal statute which grants him a private cause of action in this case. Additionally, Sanders did not provide any information to suggest diversity jurisdiction is applicable here. (*See* Doc. No. 1,

at 2, 4 (providing an Ohio address for the sole defendant and not completing any information for diversity jurisdiction).) The Court lacks subject-matter jurisdiction for this case, and thus the case is frivolous and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

Further, the Court issues a word of caution. While the Court is very tolerant of legal filings from *pro se* litigants, the present action is one of at least four actions Sanders currently has pending within the Northern District of Ohio. Beyond his current cases, Sanders also filed a number of cases earlier in the year, all of which, to the Court's knowledge, were dismissed at the screening stage. Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which wastes judicial resources and impairs their ability to carry out Article III functions. *See Douglas v. Cleveland*, 1:12-cv-1145, 2012 WL 4753365, at *7 (N.D. Ohio Oct. 4, 2012) (citation omitted). Toward that end, Sanders is warned that, should he persist in asserting the same causes of action in this jurisdiction or in filing frivolous motions herein, the Court may consider placing him on Restricted Filer status.

**IT IS SO ORDERED**.

Dated: December 11, 2023

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**